In February 1982 the wife brought suit for divorce. At a scheduled hearing on June 2, 1982, parties and counsel sought to agree on a property settlement. There was a stipulation placed on the court reporter's tape recorder as to such an agreement. The hearing was postponed and continued from time to time until December 8, 1982. On November 3, 1982, the husband moved for specific performance of the stipulation of June 2, 1982.
On December 8, 1982, counsel for the husband introduced evidence as to the stipulation and insisted upon its enforcement. The motion for specific performance was denied and the case was heard on its merits. The court entered judgment for divorce, gave custody of the children of the marriage to the wife, ordered the husband to pay child support, and divided the real and personal property.
Husband appeals, claiming first error in denial of specific performance of the stipulated agreement. We find no error. The court is not bound by an agreement of the parties in contemplation of a divorce. The court may accept and incorporate such an agreement in its judgment or reject it in whole or in part. Brothers v. Vickers, 406 So.2d 955
(Ala.Civ.App. 1981). Such is the case here. The parties may not agree or stipulate away the power of the equity court once they have submitted themselves to its jurisdiction.
The second error alleged is the award of custody of the minor children to the wife. One of the two children was, before adoption by the parties, the grandchild of the husband. He submits that because of that prior blood relationship, he has a superior right to its custody.
The involved relationship is certainly unusual, but it has no legal effect after an adoption. Our supreme court has just spoken to the absence of rights of custody of grandparents after severance of the relationship by an adoption. Ex parteMary Murphy Bronstein, 434 So.2d 780 (Ala. 1983). Placement of custody of children, natural or adopted, is a matter for the discretion of the trial court. Cooper v. Cooper, 423 So.2d 901
(Ala.Civ.App. 1982); Allen v. Allen, 385 So.2d 1323
(Ala.Civ.App. 1980). We find no abuse of that discretion in this case.
The request of the wife for attorney fee on appeal is granted in the amount of $350.00.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.