This is a divorce case.
On January 10, 1990 William George Smith (husband) filed an action for divorce from Sandra Ella Smith (wife) in the Madison County Circuit Court. The husband also sought custody of the parties' minor child and an equitable division of debts and personal property. The wife filed an answer, along with a counterclaim for divorce in which she sought custody of the child and an award of child support, alimony, and attorney's fees.
After an ore tenus proceeding, the trial court entered judgment on May 30, 1990 divorcing the parties on the ground of incompatibility of temperament. The wife was awarded custody of the child, with visitation rights for the husband. The wife was also awarded $380 per month as child support, along with $200 per month for five years as "periodic rehabilitative alimony," and an attorney's fee of $1,400. The husband appeals.
The husband first argues that the trial court abused its discretion in awarding the wife custody of the child.
In divorce cases, where evidence is presented ore tenus, a child custody determination is committed to the sound discretion of the trial court and will not be reversed on appeal absent a finding that the determination is so unsupported by the evidence as to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). The factors that enter into the court's custody determination include the child's age and sex and each parent's ability to provide for the child's educational, emotional, material, moral, and social needs. Tims v.Tims, 519 So.2d 558 (Ala.Civ.App. 1987). It is also proper for the court to consider the characteristics of those seeking custody, including the parties' age, character, stability, and mental and physical health. Ex parte Devine,398 So.2d 686 (Ala. 1981).
We have carefully reviewed the record and find evidence that both parents are fit to be the custodian of their child and that they love their child and are willing to care for his various needs. The record does reveal that the wife suffers from rheumatoid arthritis, which she controls with medication and rest. While the facts indicate that her condition may worsen over time, there is no evidence that this disease has rendered the wife incapable of caring for the child. We are mindful that the trial court had the opportunity to observe the wife at trial and to use its broad discretion in assessing the extent of her disability. In light of this, we cannot say that its award of custody to the wife was so palpably wrong as to warrant reversal. *Page 1344 
Next, the husband argues that the trial court's award of alimony to the wife was excessive and constitutes reversible error.
In exercising discretion to divide property and to award alimony in a divorce, a trial court may consider such factors as the earning capacity of the parties, their future prospects, age, health, the duration of the marriage, their standard of living, the value and type of property, and the conduct of the parties. Carnaggio v. Carnaggio, 475 So.2d 861
(Ala.Civ.App. 1985).
The record reveals that rheumatoid arthritis prevents the wife from maintaining a full-time job. While the wife does receive monthly Social Security benefits of $1,500, she is required by law to spend these funds for the support of her three children from a previous marriage. The wife has a GED and only limited vocational skills, and is unemployed at this time. In contrast, the record shows that the husband enjoys good health and has a lucrative job in the military. The husband will be able to retire from his post at an early age and will be eligible for a military pension. In addition, the husband has acquired skills in the military that will be transferable to the private job market. We also note that the husband is required to pay $200 monthly for a maximum of only sixty months, rather than for the wife's entire life. It is clear from this aspect of the trial court's order that the court intended to encourage and facilitate the wife's obtaining gainful employment. In the light of this and all of the other facts in the case, we cannot conclude that the trial court erred to reversal in its award of alimony to the wife.
Finally, the husband argues that the trial court abused its discretion in awarding an attorney's fee to the wife.
As in the case of alimony, the award of attorney's fees is within the sound discretion of the trial court, and such an award will not be disturbed on appeal unless there is an abuse of discretion. Factors to be considered in making an attorney's fee award include the earning capacity of the parties, results of the litigation, and the financial circumstances of the parties. Isham v. Isham, 464 So.2d 109
(Ala.Civ.App. 1985).
The husband argues that the amount of Social Security disability benefits received by the wife approximately equals his monthly salary, thus placing the parties on equal financial footing. As stated, the wife receives these benefits for the purpose of supporting the children of her previous marriage; the father of these children is dead. Further, the contention that the parties' incomes are almost equal is not in itself sufficient to show an abuse of the court's discretion in awarding attorney's fees. Norrell v. Norrell,473 So.2d 523 (Ala.Civ.App. 1985). Although the parties did not dispute the amount nor the reasonableness of the attorney's fee awarded by the trial court, the husband does contend here that the trial court should not have awarded an attorney's fee at all. However, in view of the facts in the record, we cannot say that the trial court abused its discretion in awarding the wife an attorney's fee.
There being no error in the trial court's award of custody, alimony, and attorney's fees to the wife, its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.
INGRAM, P.J., not sitting. *Page 1345