After oral proceedings, the trial court divorced the parties and, in part, made the following awards: The wife was granted custody of the parties' minor child. The husband was ordered to pay "$40.00 per week . . . from his workmen's compensation benefits" and to "immediately procure social security benefits for the minor *Page 167 
child." The wife was awarded the parties' home, subject to its two mortgages. The husband was ordered to maintain hospitalization insurance on the parties' child and to be responsible for one-half of the child's medical and dental expenses. He was ordered to maintain two life insurance policies for the benefit of the child. He was further ordered to pay, as periodic alimony, $500 to the wife to be applied toward reasonable attorney fees.
The husband appeals. He contends that the specific amounts awarded as child support and attorney fees were excessive so as to constitute an abuse of discretion. He further contends that the trial court abused its discretion in ordering him to maintain medical insurance for the child and to be responsible for one-half of the medical and dental expenses. He insists that the aggregate amount of the award exceeds his income.
The award of alimony and child support as well as the division of property are areas within the sound discretion of the trial court. Phillips v. Phillips, 489 So.2d 592
(Ala.Civ.App. 1986). Its judgment regarding these matters will not be reversed absent a showing that it has abused its discretion.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Where, as here, the evidence is presented ore tenus, the judgment is presumed correct and will not be reversed unless it is plainly and palpably wrong. Lucero.
The record reveals that the parties were married in 1975. The husband moved to Birmingham in 1986. The wife chose to remain in Mobile with the minor child. She testified that she would not move to Birmingham because of the husband's intolerable drinking problem. The husband would visit every three to four weeks. He deposited money monthly into the parties' joint checking account from which the parties' bills were paid.
The parties suffered financial difficulties in 1987. At that time the husband borrowed $18,000 on a second mortgage and $2,000 from his father to pay the parties' debts.
In 1989 the parties again began to experience financial difficulty. At that time the husband was earning $1,785 per month. He deposited approximately $950 per month in the joint checking account. The wife was working part time and earning $500 to $800 per month. The wife testified that she told the husband he was not sending enough money to cover the bills. She testified that the husband instructed her to get cash advances on the parties' credit cards to pay the bills. In April 1990 the husband reduced his deposits to $450 per month. The parties continued to use the credit cards. That same month the parties began bankruptcy proceedings.
In September 1990 the wife filed for divorce on the ground of incompatibility. The husband stopped making any deposits into the joint account in November 1990. That same month the husband became ill and was hospitalized.
At the time of the hearing the wife was earning a gross monthly income of $1,081. She and the minor child were living in the marital home. The wife was paying both mortgages. The husband was totally disabled and there was testimony that he would remain so into the foreseeable future. At the time of the hearing he was drawing $130 per week in workmen's compensation benefits. The benefits were to expire the month following the trial. The husband was living with his parents. The only monthly expenditure the husband disclosed at the hearing was $40 per month for the major medical insurance for the minor child. He testified that he was making payments on his 1988 truck and making premium payments on a life insurance policy. No amounts, however, were disclosed.
The husband's assertion that the award exceeds his income is not supported by the record. He was receiving $566 per month. The only monthly expenditure disclosed was the $40 per month for the child's health insurance. The husband was ordered to pay the $40 per week in child support from his workmen's compensation benefits. The award was based on the benefits. Once the benefits stopped, the order for child support would expire. The *Page 168 
matter of attorney fees is for the discretion of the court.Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985). We find no error in the manner of payment.
Applying the attendant presumptions to the facts in this case, we cannot say that the trial court's award was so excessive as to constitute an abuse of discretion.
The husband next asserts that the trial court erred in requiring him to maintain his present life insurance policies for the benefit of the minor child with the wife as trustee. He asserts that someone other than the wife should have been named trustee. He argues that the wife is not financially responsible as evidenced by the financial woes suffered by the parties.
The facts of this case do not support the husband's argument. The wife was not the sole party responsible for the financial difficulties. There was evidence that the husband contributed to those difficulties. Mindful of the presumption of correctness, Lucero, we cannot say that the trial court abused its discretion in maintaining the wife as trustee of the life insurance policies.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.