Following oral proceedings, the trial court divorced the parties, effected a property division, awarded the wife $300 per month in periodic alimony and $16,500 in alimony in gross, ordered the husband to pay $190 per week in child support for the two minor children, and awarded the wife attorney fees. The husband filed a "Motion to Alter, Amend or Vacate the Judgment or, in the alternative, for a New Trial." The husband alleged that the award of attorney fees, the division of property, and the award of alimony and child support were entered in error. He specifically alleged that the trial court did not take into account the fact that he had been terminated from employment when it ordered the award of alimony and child support. Following a hearing on the matter, the trial court amended the decree as to attorney fees but left the remainder of the decree intact. The husband appeals.
Initially, the husband asserts that the trial court erred in its division of property.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell,474 So.2d 1128 (Ala.Civ.App. 1985). The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion.Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, but only equitable. Prestwood v. Prestwood, 523 So.2d 1071
(Ala.Civ.App. 1988). Factors to be considered in the division of property are the future prospects of the parties, their age, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986). *Page 288 
The record reflects that the parties were married for approximately 21 years. They are both in their forties. They have two children, a 15-year-old son and a 13-year-old daughter. The wife has been employed all but three years of the marriage. At the time of the hearing she was earning approximately $1,800 per month. The husband was earning approximately $4,200 per month. The wife testified that the marital relationship deteriorated after she had a mastectomy in 1989. The husband admitted at the hearing that he was having an adulterous affair.
The trial court awarded the wife the unencumbered home and all its furnishings and appliances. The home was appraised at $37,000. She was also awarded a bass boat, a mercury motor and trailer, a 1984 Buick, and $16,500 in lump-sum alimony. The lump-sum alimony was to be derived from an insurance policy that the husband had cashed ($4,000) and from two of his profit-sharing retirement plans ($12,500). At the time of the hearing the husband was not eligible for retirement.
The husband was awarded a 1989 Corvette with an estimated value of $22,700, a 1976 Ford pickup truck, a 1986 Ford Bronco, a racing boat, a fishing boat, two motors and trailers, two three-wheel motorcycles, six stainless steel props, a color television, a gas grill, 17 guns, three pistols, and an assortment of tools with an estimated value of approximately $31,000.
The husband asserts that this division of property is inequitable. He further asserts that the trial court's division was based on faulty appraisals presented to the court by the wife.
The wife submitted appraisals made by independent parties regarding the value of the automobiles and the tools. There is no evidence, however, that the trial court utilized the appraisals when it divided the parties' property. If the husband had objections to the wife's appraisals he could have submitted his own.
Applying the attendant presumptions to the facts in this case, we find no palpable abuse of discretion in the division of property except in one aspect. The order awarding the wife $12,500 as alimony in gross to be derived from the husband's retirement plans must be set aside. "In Alabama, the law holds, that, in divorce actions, a court cannot treat an award of retirement benefits as either a property settlement or alimony in gross." Cole v. Cole, 538 So.2d 21 (Ala.Civ.App. 1987). The award of a portion of the husband's retirement benefits to the wife, as alimony in gross, was in error. That is not to say that the amount awarded is or is not improper. It just cannot be attached to the husband's retirement benefits.
The husband asserts that the trial court erred in refusing to vacate its award of alimony and child support in view of his recent unemployment.
The only evidence before us concerning the husband's unemployment is the assertions made in his post-hearing pleadings. The court's order reflects that a hearing was held on this matter. However, no transcript of the testimony adduced at that hearing, nor an authorized substitute therefor, is contained in the record before us. As there are no facts before us, we conclusively presume that the testimony was sufficient to support the judgment. Mitchell v. Mitchell,506 So.2d 1009 (Ala.Civ.App. 1987).
The portion of the decree awarding the wife alimony in gross to be derived from the husband's retirement plans is reversed. The remainder of the decree is affirmed.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur. *Page 289