THIGPEN, Judge.
This is a divorce case.
John J. and Mary L. Shaver were married in May 1987, and during the stormy course of their marriage, the parties filed for divorce several times, although they never legally divorced. During the pen-dency of one divorce procedure, the wife required the husband to sign an agreement as a prerequisite to reconciliation. The agreement was adopted as part of the order of dismissal of the divorce action. That reconciliation was short-lived, however, as the wife filed for divorce in February 1991, requesting that the agreement be adopted in a final order of divorce.
The agreement provided, inter alia, that in the event of divorce, the husband would transfer to the wife all real and personal property, including any jointly owned property, the husband’s inherited property, and the proceeds of his employee savings plan and his stock option plan. In addition, the husband was to provide medical insurance and to pay college expenses for the wife’s children from a previous marriage, and to surrender all of his personal property to the wife.
*1096 Following an ore tenus proceeding, the trial court entered judgment in February 1992, divorcing the parties, but finding the agreement was “so one-sided and inequitable” as to be unenforceable. The trial court then divided the assets, awarded the wife periodic alimony, and taxed costs to the husband. The wife appeals.
On appeal, the wife contends that the agreement was incorporated into an earlier divorce dismissal, that it was a final judgment, and that hence, it was not subject to collateral attack or modification.
We note at the outset that when the evidence in a divorce case has been presented ore tenus, the judgment of the trial court is presumed to be correct, and it will not be set aside on appeal, absent plain and palpable error. Bailey v. Bailey, 594 So.2d 166 (Ala.Civ.App.1992). Further, the matters of alimony and property division are also within the trial court’s discretion, and the judgment concerning those matters will not be reversed absent a showing of abuse of that discretion. Bailey, supra.
The wife argues that the agreement was in the nature of a final judgment, and, therefore, that its terms are not subject to modification under the doctrine of res judi-cata. We disagree.
“The following elements are necessary for the doctrine of res judicata to bar a subsequent suit: (1) the question or fact must have been fully litigated and determined by a court of competent jurisdiction; (2) the final judgment in the first action must have been rendered on the merits; (3) the parties in the first action, or those in privity with them, must be of such a relationship to the parties in the subsequent action as to entitle them to the benefits and/or burdens of the prior litigation; and (4) the same cause of action must be involved in both suits.”
Croft v. Pate, 585 So.2d 799, 800 (Ala. 1991).
The first and second elements are not present in this case. The agreement was adopted in whole by the domestic relations court in its order dismissing a divorce complaint. Nowhere does the record indicate that the issues raised in this case were litigated and determined, in the order of dismissal, nor was there a final judgment on the merits. Accordingly, the doctrine of res judicata simply does not apply here.
The trial court correctly chose to treat the agreement as one made in contemplation of divorce. Trial courts are not bound by an agreement of the parties made in contemplation of divorce. Bass v. Bass, 434 So.2d 280 (Ala.Civ.App.1983). The trial court may accept and incorporate such an agreement, or reject it in whole or in part. Bass, supra.
Our review of the record discloses nothing to indicate that the husband was unduly influenced when he signed the agreement. It also appears that he had the opportunity to consult an attorney prior to signing it. Therefore, we find that no fraud was practiced upon the husband. Nevertheless, on review of the agreement, we concur with the trial court that the agreement is so one-sided and inequitable that it is not enforceable. Kohn v. Kohn, 296 So.2d 725 (Ala.Civ.App.1974). The trial court was within its authority to reject the agreement and order its own property division. We hold the property division effected by the trial court to be fair and equitable, and it is therefore due to be affirmed.
The wife’s request for attorney’s fees is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.