THIGPEN, Judge.
This is a divorce case.
Robert L. Daniels and Linda F. Daniels were married in October 1973, and in April 1992, the husband filed for divorce, alleging incompatibility and an irretrievable breakdown of the marriage. He requested, inter *646 alia, custody of the parties’ minor children. The wife’s answer and counterclaim requested that the trial court divorce the parties and award custody of the children to her. During the trial, the wife withdrew her request for a divorce.
In July 1992, the trial court divorced the parties, divided the property, awarded alimony to the wife, and awarded custody of the children to the husband. The trial court declined to award child support to the hus.band, finding that application of the guidelines in Rule 32, Ala.R.Jud.Admin., would be inequitable under the circumstances, i.e., that the wife was unemployed. The husband appeals.
The husband contends on appeal that the trial court’s award of alimony was an abuse of discretion, in that, he says, it was unreasonably financially burdensome. He also argues that the property division was inequitable.
In divorce eases where the trial court receives ore tenus evidence, its judgment is presumed correct and it will not be reversed unless it is plainly and palpably wrong. Horner v. Homer, 600 So.2d 322 (Ala.Civ.App.1992). The awards of alimony and child support, as well as the division of property, are within the sound discretion of the trial court. Bailey v. Bailey, 594 So.2d 166 (Ala.Civ.App.1992). The trial court’s judgment regarding these matters will not be reversed absent a showing that it has abused its discretion. Bailey, supra.
The trial court awarded the wife $9,000 alimony in gross, payable in monthly installments, and $300 per month in temporary alimony for a maximum of 18 months. She also received an automobile, her personal effects and clothing, and some household furnishings. The husband was awarded the marital residence, two vehicles, and the remainder of the parties’ furniture and appliances.
The issues of property division and the award of periodic alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Each case must be decided under its own facts and circumstances. The division of property does not have to be equal, but it must be equitable. Bradford v. Bradford, 607 So.2d 286 (Ala.Civ.App.1992).
Although the husband has a stable income, when asked if he would agree to pay alimony to the wife, he answered “no.” The wife claims disability due to an injury she claims the husband caused. The wife testified that after the parties separated, she lived with relatives in another state and received “general relief’ from that state.
Further detailing specific facts and allegations in this case would serve no purpose. We have carefully and thoroughly reviewed the entire record on appeal, considering the interrelated issues of alimony and the property division, and we find no error. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J, and YATES, J., concur.