THIGPEN, Judge.
This is a divorce case.
Robert DeLaurentis filed for divorce from Frances R. DeLaurentis in December 1991, alleging incompatibility. The trial court divorced the parties in August 1992, awarding custody of the parties’ minor daughter to the wife, ordering child support to be paid to the wife, dividing the parties’ property, and awarding the wife alimony. The husband appeals.
The husband contends on appeal that the trial court committed reversible error in awarding the wife two individual retirement accounts (IRAs) belonging to the husband; that the trial court’s division of property and award of alimony were unjust; and that the trial court’s award of child support was higher than the amount specified in Rule 32, Ala.R.Jud.Admin.
At the outset, we note that in divorce eases, where the trial court receives ore terms evidence, its judgment is presumed correct and will not be reversed unless it is plainly and palpably wrong. Horner v. Horner, 600 So.2d 322 (Ala.Civ.App.1992). The awards of alimony and child support, as well as the division of property, are within the sound discretion of the trial court. Bailey v. Bailey, 594 So.2d 166 (Ala.Civ.App.1992). The trial court’s judgment regarding these issues will not be reversed absent a showing that it has abused its discretion. Bailey, supra.
The husband first contends that the trial court erred in awarding the wife two IRAs which were held in the husband’s name. He unpersuasively argues that IRAs are retirement benefits, and hence not subject to division as alimony in gross or as a property settlement, pursuant to Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979). This court has allowed IRAs to be treated as property settlements and alimony in gross on prior occasions. See, e.g., Jones v. Jones, 596 So.2d 949 (Ala.Civ.App.1992), and Poole v. Poole, 522 So.2d 288 (Ala.Civ.App.1988). While both Jones and Poole can be distinguished on their facts from the case at bar, we consider their common tenet — that IRAs are awardable as alimony in gross or a property settlement incident to divorce — as controlling regarding this issue.
The husband next contends that the trial court’s division of property and its award of alimony are unfair and inequitable. A property division incident to divorce and a periodic alimony award are interrelated, and the entire judgment must be considered in determining whether the trial court abused *652 its discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Each case must be decided under its own peculiar facts and circumstances. Bradford v. Bradford, 607 So.2d 286 (Ala.Civ.App.1992). The division of property does not have to be equal, but it must be equitable. Reeners v. Reeners, 611 So.2d 1109 (Ala.Civ.App.1992). Factors to be considered in the division of property are the future prospects of the parties, their age, health, station in life, the length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Bradford, supra.
The husband contends that his wife will receive approximately 55% of the parties’ assets, which he contends is inequitable in light of his contributions to the marriage. The record reveals that the husband has a master’s degree and that his 1991 income tax return discloses an adjusted gross income of approximately $157,000, with income from numerous investments. The husband estimates the total worth of the parties’ holdings between $838,724 and $976,092. There is testimony that a portion of the parties’ assets was contributed by the wife through an inheritance. The wife has not worked during the marriage except briefly as a receptionist at one of the husband’s businesses. She is 52 years old and she appears to have no marketable job skills. The testimony revealed that the wife had the primary role of rearing the parties’ three children while the husband worked. Further testimony revealed that the husband engaged in numerous extramarital affairs. While this court might not have divided the parties’ assets in the same manner as the trial court, we cannot find that the trial court’s division was inequitable and, therefore, cannot say it amounted to an abuse of discretion. Montgomery, supra.
In reviewing the interrelated question of periodic alimony, we reach the same conclusion. In light of the relevant factors to be considered, we conclude that the trial court’s award of $2,000 per month in periodic alimony is not so high as to constitute an abuse of discretion. Montgomery, supra.
We find the husband’s last contention, that the award of $1,500 per month in child support was excessive, to be unpersuasive. The husband’s income exceeds the uppermost figure on the child support guideline tables set forth in Rule 32, Ala.R.Jud.Admin. When such is the case, the trial court may use its discretion in determining the level of child support due from the non-custodial parent. Cox v. Cox, 591 So.2d 90 (Ala.Civ.App.1991). The trial court’s order noted that the level of child support was in excess of the guidelines and that strict compliance with the guidelines would be inequitable. Mindful of the attendant legal presumptions, we cannot find an abuse of discretion.
Accordingly, the judgment of the trial court is due to be affirmed. The wife’s request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.