The parties were married in March 1990, separated in November 1991, and divorced on April 28, 1993. The divorce judgment awarded the wife custody of the parties' minor child. It ordered the husband to pay $900 per month in child support; to pay all reasonable and necessary medical, dental, optical, and pharmaceutical needs of the child; and to maintain medical and dental insurance for the child's benefit. The judgment also ordered the husband to secure and maintain a $200,000 insurance policy on his life, with the child named as beneficiary. The judgment also upheld the parties' prenuptial agreement. The wife appeals, and the husband cross appeals.
Each party has moved to dismiss the other party's appeal. The husband's motion contends that this court lacks jurisdiction to hear either appeal. Specifically, he argues *Page 1378 
that the wife had a motion pending with the trial court when she filed her notice of appeal and, therefore, that the judgment was not final and appealable. However, the record reveals that when she filed her notice of appeal, all post-judgment motions had been ruled on. The wife contends, and we agree, that her motion was not pending when she filed her notice of appeal; but, even if it had, in fact, been pending, the notice of appeal would have constituted a withdrawal of that motion, so that the trial court no longer would have had jurisdiction. Woodley v. State Dep't of Industrial Relations,562 So.2d 526 (Ala.Civ.App. 1990). Accordingly, we conclude that this court has jurisdiction to hear the wife's appeal.
The wife's motion contends that the husband's cross appeal was untimely. On May 18, 1993, the trial court denied a motion by the husband to modify the final judgment. He filed his notice of appeal on July 29, 1993, more than 42 days after the denial of the motion and more than 14 days after the wife's appeal. Thus, the cross appeal was untimely and must be dismissed. Rule 4, Ala.R.App.P.
The wife first contends that the trial court abused its discretion in "upholding the validity of the prenuptial agreement." Specifically, she argues that the agreement should not have been enforced, because, she says, two of its provisions had been breached.
When evidence is presented ore tenus in a divorce case, the judgment of the trial court premised on findings of fact that were based on that evidence is presumed correct and will not be set aside on appeal absent plain and palpable error. Bailey v.Bailey, 594 So.2d 166 (Ala.Civ.App. 1992). Additionally, matters of alimony and property division are within the sound discretion of the trial court; absent a showing of abuse of that discretion, the trial court's judgment regarding those matters will not be reversed. Shaver v. Shaver, 611 So.2d 1094
(Ala.Civ.App. 1992).
In Barnhill v. Barnhill, 386 So.2d 749 (Ala.Civ.App.), cert. denied, Ex parte Barnhill, 386 So.2d 752 (Ala. 1980), we held that a prenuptial agreement will be enforced if the party seeking to enforce the agreement can show one of the following: that the consideration for executing the agreement was adequate and the entire transaction was fair, just, and equitable from the other party's point of view; or, that the agreement was both freely and voluntarily entered into by the other party with competent, independent advice and with full knowledge of that party's interest in the other's estate, as well as its approximate value.
Marriage alone may furnish sufficient consideration for a prenuptial agreement. Woolwine v. Woolwine, 519 So.2d 1347
(Ala.Civ.App. 1987). Here, the husband testified, and the evidence supported his claim, that he would not have married the wife without the agreement. Consequently, the court could have determined that the marriage was sufficient consideration to support the agreement. Woolwine, supra. The evidence reveals that the wife had a college education and was capable of comprehending the effect of the agreement. Further, she was advised by her own attorney before she signed the agreement. Taking the agreement as valid, however, the wife argues that the court should not have enforced it against her, because, she says, the husband had breached the provisions of the following two paragraphs:
 "SIXTH . . . [T]hey will purchase or build a primary residence which shall be placed in the names of both parties, jointly with right of survivorship. . . . The parties agree, unless waived by both parties in writing, that there shall always be a jointly owned primary residence during their marriage.
 "SEVENTH . . . [The husband] will place into an interest-bearing account . . . ($5,000) . . . within . . . (14) days after the date of marriage, which funds shall be titled in and retained in the sole possession of the [wife]. Said funds are contemplated by the parties hereto to be for the use and benefit of the [wife] in the event of the separation of the parties. Failure of the [husband] to place said sum in an account titled in the [wife's] name within the time set out above will result in a breach of this agreement and resultant voiding and nullity *Page 1379 
of all provisions of this prenuptial agreement."
Before the marriage, the husband purchased a lot. A house was constructed on the lot; however, the parties had separated before the house was completed. The wife argues that the husband breached the prenuptial agreement by failing to put the property into a joint tenancy following the marriage.
The judgment did not divest the husband of the real property held in his name. It appears that because the parties separated before the house was completed the trial court found no breach of the sixth paragraph. That paragraph states, "[T]hey will purchase or build a primary residence which shall be placed in the names of both parties." It contains no time frame for the purchase or construction of a jointly owned residence. The trial court could have reasonably determined that no breach had occurred. Another possible reason for the trial court's ruling regarding the husband's real property was testimony that the amount owed on that property was equal to the value of the property. The trial court could have found that in that separately held property there was no equity to be divided. Accordingly, we are not persuaded that the trial court erred in leaving the real property vested in the husband.
Next, the wife contends that the husband breached the provisions of paragraph seven; specifically, she argues that she did not have $5,000 in an account for her use during the separation. However, the evidence is undisputed that the husband, in accordance with the agreement, deposited, within 14 days after their marriage, $5,000 into an account for the wife. There is, however, a dispute in the testimony as to why the wife spent all but approximately $100 of that money before the separation. The wife contends that the husband forced her to withdraw money to purchase scuba equipment, to pay a department store bill, and to make car payments. However, the husband testified that he knew nothing of the withdrawals.
The final judgment ordered the husband to pay the wife $3,500 as "approximate reimbursement of the sum provided in the parties' agreement." The trial court was in the best position to observe the parties and to make a determination. We are not persuaded that the trial court erred by awarding the $3,500. While we cannot ascertain from the record how the trial court arrived at that figure, we cannot say the court erred in that regard. "[W]here the trial court does not make specific findings of fact, it will be assumed that the trial court made those findings that were necessary to support its judgment, unless the findings would be clearly erroneous." Ex parteWalters, 580 So.2d 1352, 1354 (Ala. 1991).
The evidence indicates that the prenuptial agreement was supported by adequate consideration and that as to the wife that agreement was fair, just, and equitable. The trial court did not err in enforcing it.
Finally, the wife contends that the trial court abused its discretion in awarding only $900 a month in child support, given the income of the father and the needs of the child. Rule 32, Ala.R.Jud.Admin., establishes guidelines for child support payments based on gross monthly income of up to $10,000 per month. The maximum amount of child support provided under the guidelines for one child is $992 per month.
The wife's gross monthly income is approximately $2,666. The husband's gross monthly income is approximately $16,000. The parties' combined gross monthly income surpasses the uppermost level of the child support schedule found in Rule 32, Ala.R.Jud.Admin. Therefore, pursuant to Rule 32(C)(1), the amount of child support to be awarded lies within the trial court's discretion. The amount, however, must relate to the reasonable and necessary needs of the child. Anonymous v.Anonymous, 617 So.2d 694 (Ala.Civ.App. 1993).
Considering the totality of the husband's obligation to the minor child, we cannot hold that the award constituted an abuse of discretion.
The husband's cross appeal is dismissed, and the judgment of the trial court is affirmed. *Page 1380 
The wife's request for an attorney fee on appeal is denied.
AV92000603 — AFFIRMED.
AV92000690 — DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur.