The parties in this proceeding, Beatryce T. Newton (wife) and Demetrius C. Newton (husband), were first married on June 19, 1954, and subsequently divorced on April 24, 1961. They married each other a second time on June 19, 1965, and again divorced on July 10, 1972. The parties married for the third time on August 13, 1973, and on January 8, 1993, the wife filed this action, seeking a divorce from the husband. The parties have two children, a daughter and a son, both of whom were over the age of majority at all times relevant to these proceedings.
After an ore tenus proceeding, the trial court entered a judgment divorcing the parties. The trial court awarded the wife $10,000 alimony in gross, payable in two installments; $750 per month as periodic alimony; the marital residence with an equity value of $174,000-$184,000; all the furniture and furnishings located in the marital residence, valued at $15,000, with the exception of specific items belonging to the husband; silver, flatware, and crystal valued at $6,500-$7,500; a Met Life annuity of $12,000; her jewelry valued at $10,000; her mink coat valued at $8,500; a retirement annuity of $4,000; a $4,000 savings bond; her individual retirement account (IRA) of $32,000; her savings account of $20,000; and a 1989 Cadillac automobile, which cost over $30,000. The trial court also ordered the husband to pay $4,500 as an attorney fee for the wife.
The trial court awarded the husband property in Sumter County, Alabama, and other various properties, with a total equity value of approximately $54,000. The trial court also ordered the husband to maintain a life insurance policy on his life in the amount of $75,000, naming the wife as the irrevocable beneficiary.
The husband appeals, contending that the trial court's rulings as to property division, alimony in gross, periodic alimony, and attorney fees drastically favor the wife and, therefore, constitute an abuse of otherwise permissible judicial discretion. We agree.
The issues concerning periodic alimony, property division, alimony in gross, and the award of attorney fees are all interrelated; the entire judgment must be considered in view of the facts of the case in determining whether the trial court abused its discretion. Daniels v. Daniels, 626 So.2d 645
(Ala.Civ.App. 1993); Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993); Smith v. Smith, 578 So.2d 1342
(Ala.Civ.App. 1991). Each case must be decided under its own peculiar facts and circumstances. DeLaurentis v. DeLaurentis,628 So.2d 650 (Ala.Civ.App. 1993).
Factors which the trial court should consider in determining an award of alimony and in dividing marital property include the earning ability of the parties; their probable future prospects; their ages, health, station in life, and the length of the marriage; and the parties' conduct with reference to the cause of divorce. Welch v. Welch, 636 So.2d 464
(Ala.Civ.App. 1994); Landers v. Landers, 631 So.2d 1043
(Ala.Civ.App. 1993); Echols v. Echols, 459 So.2d 910
(Ala.Civ.App. 1984). While the division of property is not required to be equal, it must be equitable. Sketo v. Sketo,608 So.2d 759 (Ala.Civ.App. 1992).
This court has long recognized that the sole purpose of periodic alimony is the support of the dependent former spouse.Trammell v. Trammell, 589 So.2d 743 (Ala.Civ.App. 1991); Waltmanv. Waltman, 528 So.2d 867 (Ala.Civ.App. 1988). The function of periodic alimony is to provide support to the dependent former spouse until she becomes self-supporting. Harris v. Harris, *Page 1035 543 So.2d 1203 (Ala.Civ.App. 1989); Allen v. Allen,477 So.2d 457 (Ala.Civ.App. 1985).
Factors to be considered in awarding an attorney fee include the earning capacity of the parties, results of the litigation, and the possession by a party of liquid assets which enable that party to pay their own attorney. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986); Smith, supra.
The record reflects that at the time of the trial the wife was 62 years old and enjoys good health. The wife testified that she has a bachelor's of science degree from Miles College, a master's degree from the University of Wisconsin, and a doctorate degree from the University of Alabama. The wife voluntarily left a $29,000 per year job at the University of Alabama at Birmingham in 1983 and also voluntarily left a $25,000 per year job at Miles College in 1991. She presently receives $733 per month from the Alabama Teacher's Retirement System and $686 per month from Social Security. She is currently employed part-time as a professor at the University of Montevallo and earns $6,600 for two semesters of teaching. The wife's IRA, annuities, and savings account are in excess of $60,000.
The record further reflects that the husband was 66 years old at the time of trial. He suffered a severe heart attack in 1987, which had required open heart surgery. As a result of the heart attack, the husband has been advised by his doctor to avoid stressful situations. The husband had been a practicing attorney, but he was currently employed with the City of Birmingham where his income is $84,700 per year. The husband is participating in the City of Birmingham's retirement fund, however, because of his recent employment with the City and his advanced age, he will not be able to work the required length of time to be eligible to draw retirement benefits. Additionally, the husband does not have any other retirement plans or benefits from which he can draw retirement. The money in the husband's individual retirement account was withdrawn to pay taxes and to pay toward the son's educational expenses.
The record reflects that the husband had paid for all of the daughter's college and law school educational expenses and that he had paid, and was still paying, for all of the son's college and graduate school educational expenses. The wife testified that she had not paid or contributed any money toward the expenses for their children's college educations.
The marital home awarded to the wife was purchased by the husband approximately two years before their third marriage. He has maintained the payments and upkeep on the home which now has a net value of approximately $180,000. The daughter is self-supporting and the son is living with the husband; consequently, the husband is asking that the home be sold and the proceeds divided equally between the parties. The wife has used her income for her own upkeep, investments, and savings. There is nothing in the record that indicates the wife was a dependent spouse. The record further reflects that the husband has an attorney fee award from his previous law practice; however, those monies are allocated toward the payment of taxes and debts.
The record reveals that the parties had a very stressful relationship, with the wife yelling and throwing things at the husband. There was no evidence of adultery, abuse, or marital misconduct on the part of the husband that would justify an award of approximately 85% of the marital assets to the wife. Also, the facts in this case do not justify the trial court's award of periodic alimony and a $4,500 attorney fee. Even with an equal division of the marital property, the wife will have substantial liquid assets with which to pay her own attorney fee.
After a careful review of the facts as contained in the record, considering the entire award by the trial court as well as the wife's age, health, and earning ability, we find the judgment of the trial court regarding the property division, and the award of alimony in gross, periodic alimony, and attorney fees to be an abuse of discretion. The judgment is reversed, and this cause is remanded for the trial court to effect an equitable division of the property and to reserve the right to award periodic alimony in the future. *Page 1036 
The wife's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
THIGPEN, J., concurs in the result only.