723 So.2d 61 (1997)
Judy G. FRANZ
v.
Keith Allen FRANZ.
Keith Allen Franz
v.
Judy G. Franz.
2960986.
Court of Civil Appeals of Alabama.
December 12, 1997.
Rehearing Denied February 13, 1998.
Certiorari Quashed October 9, 1998.
*62 Judith S. Crittenden and Gina M. Miller of Crittenden & Martin, Birmingham, for appellant/cross appellee.
M. Wayne Wheeler, Birmingham, for appellee/cross appellant.
Alabama Supreme Court 1970937.
YATES, Judge.
This is a divorce case.
Judy G. Franz and Keith Allen Franz married on February 1, 1975; three children were born during the course of the marriage. The wife sued for a divorce on December 20, 1995, alleging adultery, incompatibility of temperament, and a breakdown of the marriage. She sought custody of the children, alimony and child support, a division of the marital property, payment of medical insurance for the children, maintenance of a life insurance policy on the husband benefiting her and the children, and an attorney fee. The wife subsequently amended her petition to request a contribution toward the college educational expenses of the eldest child and asking the court to reserve the issue of college educational expenses for the two other children.
The husband contested personal jurisdiction, alleging that he was a resident of the Republic of Singapore and that it would be unreasonable to require him to come to Alabama to defend a divorce action. After a hearing on the motion, the trial court found that the husband had "sufficient contacts to confer upon [the] court the jurisdiction to grant a divorce between the parties" and directed the husband to answer the complaint within 10 days.
On February 3, 1997, the court divorced the parties, awarding the wife two automobiles,[1] *63 her personal financial accounts (including a $7,700 IRA account), any stocks and bonds in her name, her personal property, all furnishings being kept in storage in Birmingham, and one-half of the Wesban 401(k) plan. The court directed counsel for the wife to prepare a Qualified Domestic Relations Order ("QDRO") to effect the transfer of funds from the Wesban 401(k) plan to the wife's account. Further, the court awarded the wife custody of the children, ordering the husband to pay $1,395 per month in child support; and it ordered him to pay $800 per month in alimony; to maintain medical insurance for the benefit of the children; to keep the wife as the irrevocable beneficiary on his life insurance policy maintained through Aurora National Life Assurance Company; and to pay the wife's $7,500 attorney fee. The court reserved the issue of college educational expenses for the children until the children reach 19 years of age. It awarded the husband his personal financial accounts (including a $7,700 IRA account), the Vanguard (ESOP) account worth $126,000, and all of his personal property.
Both parties filed postjudgment motions. On April 24, 1997, the court amended the original divorce judgment, revising the provisions and instructions regarding the life insurance policy maintained through Aurora National Life Assurance Company, but denying any further relief requested by the parties. The wife appealed, contending that the court abused its discretion in its awards of periodic alimony and child support and in failing to award post-minority college educational expenses. The husband, arguing that the circuit court's order was not final and therefore was not appealable, moved to dismiss the wife's appeal; nevertheless, he crossappealed, arguing that the court had erred in awarding the wife an attorney fee. This court, on October 6, 1997, denied the motion to dismiss the appeal.
When evidence is presented ore tenus in a nonjury case, a judgment of the trial court based on that evidence is presumed to be correct and will not be set aside on appeal absent plain and palpable error. Mayer v. Mayer, 628 So.2d 744, 745 (Ala.Civ.App. 1993). Additionally, matters of alimony and property division are within the sound discretion of the trial court, and absent a showing of abuse of that discretion, the trial court's ruling on those matters will not be reversed. Id. However, where there is no factual dispute between the parties, the reviewing court must determine whether the trial court correctly applied the relevant law to the facts and whether the judgment was an abuse of discretion and plainly and palpably wrong. Bayliss v. Bayliss, 575 So.2d 1117, 1120 (Ala. Civ.App.1990).
The wife contends that the court's failure to award college education expenses for the parties' 18-year-old daughter was an abuse of discretion.
The trial court has the discretion to award any post-minority college support. Ex Parte Bayliss, 550 So.2d 986 (Ala.1989). In making this determination, the court must consider "all relevant factors that shall appear reasonable and necessary", including the financial resources of the parents and the child's commitment to, and aptitude for, the requested education. Id., at 987. The trial court may also consider, in awarding sums of money for a college education, the standard of living that the child would have enjoyed if the family had not been separated by divorce, and it may consider the child's relationship with his parents and his responsiveness to parental advice and guidance. Id.
The record reflects that the trial court had reserved the issue of college expenses until the minor children reached the age of 19. At the time of the original divorce judgment, the parties' oldest child was 18 and was to graduate from high school in June 1997. She was a good student with a 4.0-grade-point average and with aspirations of becoming a veterinarian. The husband had taken her to visit colleges in Alabama and in Mississippi. Considering the uncertainty at the time of the original judgment of what the actual college expenses would be, we find no error; we *64 affirm the judgment as to the reservation of consideration of college expenses.
The wife further contends that the court erred in its awards of periodic alimony and child support. She argues that, because of an absence of conflict in the evidence presented at trial, the ore tenus presumption of correctness does not apply, and that the "inequitable and arbitrary" determinations of the court constituted an abuse of discretion.
We note that the division of marital property does not have to be equal, but that it must be equitable. Mayer, supra. Factors to be considered in the division of property are the future prospects of the parties, their ages, health, and stations in life, the length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. DeLaurentis v. DeLaurentis, 628 So.2d 650, 651 (Ala.Civ.App.1993). Further, "funds paid into a retirement plan [by the husband] are an asset of the husband which may be considered by the court in effecting an equitable property division or [in making] an award of alimony in gross." Powell v. Powell, 628 So.2d 832, 834 (Ala.Civ.App.1993).
The husband, in order to further his career as an engineer, was transferred to the overseas division of Chicago Bridge and Iron Company (hereinafter "CBI") in 1982. He first moved his family from Alabama to the Philippines in 1982; to Indonesia in 1986; and to Singapore in 1989. His family remained in Singapore until they returned to Alabama in 1995.
The record reflects that the wife has a nursing diploma, but has not worked as a nurse since 1982, when she left her career and assumed the primary responsibility of rearing the children and maintaining the home.
The husband admits to having his first adulterous relationship in 1983. The husband also admits to having a long-term adulterous affair with another woman, beginning in November 1992. That relationship resulted in the husband's moving out of the family home for a brief period in December 1994 and his family's returning to Alabama in June 1995. Since returning to Alabama, and throughout the pendency of this action, the wife and children have resided with the wife's mother; the husband has voluntarily paid the wife $3,000 per month.
In its order, the court awarded the wife one-half of the husband's Wesban 401(k) plan and ordered the husband to pay $800 per month in alimony and $1,395 per month in child support. The wife testified that she was currently employed part-time with Sears, Roebuck & Company, earning $6.50 per hour. She reported a monthly income of $626.40 on her "Child Support Obligation Income Statement and Affidavit." See Rule 32, Ala. R. Jud. Admin. The husband testified that he had been employed with CBI for over 27 years. He reported an approximate monthly income of $5,958.33 on the Child Support Obligation Income Statement and Affidavit. He later testified that this figure was not accurate. Two W-2 forms for 1995[2] from the husband's employer indicate that the husband's wages from CBI were $43,137.18 and that his wages from a company known as "CBI Overseas" were $135,587.58. In calculating the husband's foreign tax credit for 1995, the husband reported his gross income on Form 1116 to be $203,861. The husband also testified that being employed overseas had resulted in additional benefits to him, specifically, housing and transportation, that were not reflected in his paycheck. The record also shows that the parties invested the proceeds from the sale of their home in 1985 in a Wesban account.
We conclude that the trial court's award of child support and alimony were inequitable and that as to the division of the marital property, the trial court abused its discretion. Additionally, we note that the court, in paragraph seven of its original judgment awarded the wife one-half of the Wesban 401(k) plan; however upon reviewing the record, we can find no such asset. It is unclear whether the court intended to award the wife one-half of the husband's CBI Overseas 401(k) retirement plan or one-half of the Wesban investment account.
In view of the evidence, we reverse the judgment as to the issues of alimony, child *65 support, and the division of the marital property. The case is remanded for the trial court to enter an order consistent with this opinion, and, further, to clarify paragraph seven of its original divorce judgment.
The husband contends that because the wife's QDRO had not been filed or submitted to the court, the divorce judgment, including the amended order, is not final and, therefore, that this case is not properly here on appeal. We disagree.
The record reflects that following an ore tenus proceeding, the court entered a judgment of divorce on February 3, 1997. After a hearing on the postjudgment motions, the court entered its April 1997 order, which served to further clarify instructions regarding the life insurance policy in the original divorce judgment. We conclude that there was an adjudication and finality of judgment as to all issues. Accordingly, there was no need to satisfy the two-step "final judgment" requirement of Rule 54(b). See Rule 54(b), Ala. R. Civ. P.; Moore v. Moore, 666 So.2d 5, 6 (Ala.Civ.App. 1995).
The husband further contends that the court's awarding an attorney fee, without discovery having been provided to the opposing party, violates due process. However, in his brief, the husband has cited no authority to support this argument; see Rule 28, Ala. R.App. P. See Messer v. Messer, 621 So.2d 1343 (Ala.Civ.App.1993). Therefore, we are precluded from considering this issue on appeal.
The wife's request for an attorney fee on appeal is granted in the amount of $1,000; the husband's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I agree with Judge Yates that the trial court abused its discretion in its child support award; however, I conclude that the trial court did not abuse its discretion in its award of periodic alimony and its division of marital property, and I dissent as to the reversal of those portions of the trial court's judgment.
Our supreme court has written:
"[W]hen [the appellate court] reviews a [trial] court's order, it is not to substitute its judgment of the facts for that of the [trial] court. Rea v. Rea, 599 So.2d 1206 (Ala.Civ.App.1992). Instead, our task is simply to determine if there was sufficient evidence before the [trial] court to support its decision against a charge of arbitrariness and abuse of discretion. Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App. 1987)."
Ex parte Smith, 673 So.2d 420, 422 (Ala. 1995). In this case, the trial court awarded the wife assets and benefits valued at over $500,000. An award of periodic alimony and a division of marital property need only be equitable, not necessarily equal. Ex parte Proctor, 712 So.2d 328 (Ala. 1997). I conclude that the award of periodic alimony and the division of marital property in this case are equitable and that as to those portions of its judgment the trial court did not abuse its discretion.
NOTES
[1] We note that the court made the wife responsible for any indebtedness owed on these two vehicles.
[2] The husband admits to receiving two pay checksone from CBI Overseas and one from CBIbut he said he was unsure why his employer chose to separate his pay in that manner. At the time of the hearing, the husband testified that he had not received his 1996 W-2 forms.