Rel: June 14, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0631

_____

**Lindsay Jean Kennerly**

**v.**

**Christian Scott Kennerly**

**Appeal from Coffee Circuit Court**
**(DR-22-900179)**


MOORE, Presiding Judge.

Lindsay Jean Kennerly ("the wife") appeals from a judgment entered by the Coffee Circuit Court ("the trial court") divorcing her from Christian Scott Kennerly ("the husband"). We remand the case.

Following a trial, the trial court entered, on June 23, 2023, a final judgment of divorce that, among other things, divided the parties' marital

property; awarded the wife rehabilitative alimony in the amount of $750 per month for a period of 60 months; and reserved jurisdiction to award the wife periodic alimony in the future. On appeal, the wife challenges the trial court's award of alimony and the division of the marital property. Those awards are interrelated, and we must consider the entirety of the judgment in determining whether the trial court exceeded its discretion in making the awards. See Willing v. Willing, 655 So. 2d 1064 (Ala. Civ. App. 1995).

Among other arguments, the wife contends that the trial court erred in awarding her $4,000 of the equity in the parties' marital residence. Regarding the marital residence, the divorce judgment provides, in pertinent part:

> "4. Division of Real Property: The parties own real property consisting of a house and lot located at ... Enterprise, AL. Said property was purchased in 2020 for $265,000.00 and is subject to a mortgage with an approximate balance of $257,000.00. The husband is awarded all right, title and interest in and to the real property and shall be responsible for and pay promptly when due all indebtedness and expenses thereon, including but not necessarily limited to the existing mortgage, ad valorem property taxes, hazard insurance and the usual and normal maintenance of the home. [The h]usband shall make reasonable efforts to assume the mortgage debt in his name individually. The parties shall cooperate in having all household related accounts, utilities, and deposits transferred into the name of the husband

2

> individually. The wife is awarded the sum of $4,000.00 for her share of equity in the marital residence. The husband shall pay said amount to the wife within ninety days hereafter."

From the foregoing, the wife posits that the trial court determined that the marital residence was worth $265,000. The wife further assumes that the trial court deducted the mortgage balance from the purchase price to determine the equity in the house as being $8,000 ($265,000 - $257,000 = $8,000), of which she was awarded 50% ($8,000 x 50% = $4,000).

The wife argues that the trial court erred in determining that the marital residence was worth $265,000 at the time of the trial. The parties provided conflicting testimony and exhibits regarding the value of the marital residence at the time of the trial, placing the value between approximately $297,000 and $326,000. The wife maintains that, consistent with that evidence, the trial court should have found that the marital residence had a higher value and that the equity in the marital residence was greater than $8,000. The wife asserts that she should have been awarded more than $4,000 as her share of the equity based on a proper valuation of the marital residence.

The judgment does not, however, clearly set forth any determination as to the value of the marital residence. The judgment recites that the parties purchased the marital residence for $265,000, but it does not contain any conclusive determination that the marital residence was worth that same amount at the time of the trial in 2023. The judgment does not specifically address the parties' testimony as to the value of the marital residence in 2023, and it also does not set forth the calculations that the trial court made when awarding the wife $4,000 of the equity in the marital residence. Although both parties testified that the equity in the marital residence should be split equally, the trial court was not bound by their apparent agreement to award the wife 50% of the equity in the marital residence. See Mayer v. Mayer, 628 So. 2d 744, 747 (Ala. Civ. App. 1993) ("If a trial court considers an agreement made in contemplation of divorce, the trial court is not bound by the agreement and may accept and incorporate such agreement, or reject it in whole or in part."). Based on its evaluation of the evidence, the trial court could have valued the marital residence in line with the estimates and opinions provided by the parties and decided to allocate a smaller percentage of the equity in the marital residence to the wife; however,

4

based on the lack of any specific explanation for the basis of the award, we cannot readily ascertain whether it did so.

In Wilson v. Wilson, 93 So. 3d 122, 128-29 (Ala. Civ. App. 2011), this court stated, in pertinent part:

> "Generally, in the absence of specific findings of fact, this court will assume that the trial court made those findings necessary to support its judgment. See Ex parte Fann, 810 So. 2d 631, 636 (Ala. 2001). However, when, after reviewing the record and the language of the judgment, this court is unable to determine the precise nature of the factual findings of the trial court as to the classification and value of marital property, thereby inhibiting this court's ability to determine whether a property division is equitable, this court should remand the cause for further clarification from the trial court. See Wilhoite v. Wilhoite, 897 So. 2d 303, 308-09 (Ala. Civ. App. 2004); and Giardina v. Giardina, 987 So. 2d 606, 622-23 (Ala. Civ. App. 2008)."

In the present case, because this court cannot discern the value the trial court assigned to the marital residence or the basis for the $4,000 equity award to the wife, we cannot determine whether the trial court erred in making that specific award and, if so, how that error, if any, affected the overall property division and alimony awards. We therefore remand this cause to the trial court for it to enter an order specifying the value that it assigned to the marital residence and explaining how it derived the

5

$4,000 equity award to the wife. The trial court shall make a return to this court within 21 days of the date of this opinion. See Wilson, supra.

REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.