This case was first before this court with opinion and judgment entered on January 8, 1993. It is reported at617 So.2d 694 (Ala.Civ.App. 1993). The facts existing at that time are reported in some detail in that opinion. We perceive no reason to restate them here. The judgment entered by this court in pertinent part was as follows:
 "The judgment of the trial court pertaining to child support and support-related obligations, particularly the husband's maintenance of the insurance policies, is reversed and remanded to the trial court for reconsideration in light of further evidence of the reasonable needs of the child and the probable cost to the husband of securing the required insurance policies. The court is also directed to consider the effect of the division of property ordered as it affects the gross income of both parties."
The trial court, as directed on remandment, held a hearing, at which additional testimony was taken as to the needs of the child, the present financial circumstances of the parents, and the cost of securing and maintaining life and disability insurance policies by the husband for the benefit of the child until she reaches majority. The court then entered its judgment at length upon each of the matters remanded to it by this court.
It is the contention of the husband that the last judgment is substantially the same as the first, which we found to be an abuse of discretion. We do not find it to be so.
As we stated in our first opinion, this case is factually without precedent in Alabama case law. It is, therefore, particularly sui generis.
The annual income of the husband remains near one million dollars. He has paid to the wife, as ordered in the original decree, $1,200,000, with interest. He continues to travel. Since the divorce, he has vacationed in Europe and in the Orient. He has been on cruises and on skiing trips. He has taken the daughter on some of them. His lifestyle has not diminished because of payments to the wife or child.
The wife has purchased a home in Mountain Brook, Alabama, with $262,000 cash, presumably part of the money paid to her in the property settlement. She has invested most of the remainder. Her income last year was some $32,000. The wife has continued to give to the child as many of the pleasures and advantages that she enjoyed before the divorce as she could. Her testimony was that the cost of all those things would exceed $6,000 per month.
It was the testimony of the husband that he desired that the child live as well as she had prior to the divorce.
After hearing the additional evidence, the trial court found the reasonable needs of the child would include all the benefits which she enjoyed as the child of very wealthy parents prior to the divorce. Therefore, it found that the sum of $6,000 per month, or $72,000 per year, child support, which was ordered in the first decree, was a reasonable amount to achieve that end.
The amount of insurance first required, both life and disability, was substantially reduced. The coverage could be graduated annually in the amount paid during the previous year. It was also shown that the obligation of the husband to pay the cost of a private education was no longer necessary because the child was attending a Mountain Brook public school.
As stated in our first opinion, because of the amount of the gross income of the parents, the statutory schedule for determination of child support does not apply. It is *Page 1032 
therefore the reasonable needs of the child, and the ability of the parents to provide those needs, that is the yardstick for determining the amount to be paid.
As stated by the trial court, the reasonable needs of a particular child may be affected by both the basic needs of any child and the way of life to which that child has become accustomed before the marital breakdown. The court heard the evidence as to this child's lifestyle. It heard the wife's testimony, largely undisputed, of the things provided by the husband prior to the divorce. It heard the husband concur that he had provided those things because of his wealth and that he wished to continue to do so. The husband has produced no evidence as to the cost of such benefits. Therefore, this court has nothing before it to gainsay that under the evidence in this case, the judgment of the trial court constitutes an abuse of discretion.
As we have stated, we have not before been confronted with a case in which the parents have so lavished "things" upon a child and that child has become so indoctrinated that it would appear unreasonable to fail to continue to so provide after a divorce. The deciding factor in this case is that the husband, in spite of a divorce and a partial division of his wealth, will suffer little, if any, difficulty in fully providing $72,000 as ordered by the trial court.
Again saying that this case is sui generis, we iterate that we do not expect to see another like it.
Finding no abuse of discretion and following the rule of ore tenus, we affirm.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., dissents.