[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 144 
This is a child support case.
When the parties divorced in 1986, the father was ordered to pay child support for their two minor children. In 1994, the mother petitioned to modify the child support order, and the father counterclaimed for a modification in regard to several matters relating to child support. Following ore tenus proceedings, the trial court issued an order directing the father to pay child support in different amounts for three separate time periods. It appears of record that the trial court established distinct time periods for the obligation because of the father's change in employment and his brief period of unemployment. The father appeals.
The father raises several issues: (1) whether the trial court abused its discretion in not considering the parties' nonemployment income and investment losses; (2) whether the trial court abused its discretion in not finding the mother in contempt; (3) whether the trial court erred in failing to consider the father's contributions toward the children's education fund as part of his child support obligation; and (4) whether the trial court erred in immediately serving the support withholding order on the father's employer.
The father first argues that the trial court abused its discretion by failing to include the mother's miscellaneous, non-employment income in its calculation of the parties' child support obligations. Rule 32, Ala.R.Jud.Admin., which governs the calculation of child support obligations, provides that " 'Gross Income' includes income from any source," and includes an itemized listing of various sources of income. Rule 32(B)(2)(a). That rule also specifies that income earned from rental properties be included. See Rule 32(B)(3). The record reflects that the miscellaneous income at issue in this case consists of income received from rental properties, dividends, or other sources, and that this miscellaneous income was not included on the forms submitted by the mother. The father also claims that his business losses were not properly considered. The record contains testimony regarding this income and these losses, and it is clear that the trial court considered the miscellaneous income and losses of both parties which were not specified on forms. In spite of the father's failure to properly use discovery devices in the 19 months between the filing of the petition and the hearing, the record contains ample financial information, including tax returns and testimony, which was considered by the trial court, in addition to the required forms. This court has held that "if one party's statement of income form is disputed by the other party, then that issue can be resolved by competent evidence at the trial court level." Martin v. Martin, 637 So.2d 901, 903
(Ala.Civ.App. 1994).
Moreover, at the time of the hearing, the parents' employment income exceeded the uppermost level of the schedule of Rule 32, Ala.R.Jud.Admin.; therefore, the schedule for the determination of child support simply did not apply. Rule 32, Ala.R.Jud.Admin. See also, B.R.L. v. State ex rel. K.H.S.,664 So.2d 908 (Ala.Civ.App. 1995); Garrett v. Garrett,637 So.2d 1376 (Ala.Civ.App. 1994); and St. John v. St. John,628 So.2d 883 (Ala.Civ.App. 1993). The record contains substantial evidence regarding other income and losses of both the mother and the father during the time period involved, in spite of the fact that the information was not included on the forms designed for calculation of the child support obligation. After it heard that evidence, the trial court was free to ignore miscellaneous other income of the parties. See Terry v. Terry,581 So.2d 1114 (Ala.Civ.App. 1991); see also, Homan v. Homan,623 So.2d 326 (Ala.Civ.App. 1993). *Page 145 
Although the father argues that the trial court did not consider the miscellaneous income of the mother, the record reflects that both parties had miscellaneous income and losses that the trial court considered in fashioning its award. In obvious efforts to effectuate a fair determination, the trial court set out differing awards for three different time periods while the matter was pending. Although the trial court could have imputed income to the father and mother, it reduced the father's obligation during certain periods; thus, any benefit of the adjustments allowed by the trial court enured to the father. The law is clear that it was within the discretion of the trial court to determine this child support obligation as it related to the reasonable needs of these children. Rule 32, Ala.R.Jud.Admin.; Coleman v. Coleman, 648 So.2d 605
(Ala.Civ.App. 1994); Anonymous v. Anonymous, 631 So.2d 1030
(Ala.Civ.App. 1993).
On the final income form, the trial court noted that "[a]s the party's chart combined income exceeds [the maximum stated in Rule 32], the Court exercising discretion determines that the sum of $1,752 is appropriate to use as the basic child support obligation." Even if the trial court had not received and considered evidence regarding the other income of both parents, the employment income of the parents placed the determination of the child support obligation beyond the scope of the guidelines; therefore, it is unnecessary for the trial court to make any written finding regarding why the guidelines would be unjust or inappropriate. Continuances and delays caused this matter to remain pending almost two years. The trial court entered only one final, appealable order. In that order, the trial court set out three time periods and determined the support obligation for each period by applying Rule 32 to the information the parties supplied on the forms. Accordingly, we find no abuse of discretion.
The father also argues that the trial court should have held the mother in contempt for failing to timely report her nonemployment income to the court. The father petitioned the trial court to hold the mother in contempt for intentionally falsifying information on her child support income statement, claiming that she failed to include all of her nonemployment income on the statement. The mother testified at the hearing that the statement was prepared by her lawyer and that, as a result, she believed that the statement correctly reflected the income that she was required to disclose. No evidence was presented to support the father's contention that the mother's income was intentionally falsified. Whether to hold a party in contempt is within the sound discretion of the trial court.Hill v. Frye, 603 So.2d 1073 (Ala.Civ.App. 1992). We find no error in the trial court's refusal to hold the mother in contempt.
The father also argues that the trial court abused its discretion by denying his request to modify that portion of the order requiring him to make annual contributions to an account established for their children's education. While the father does not object to making this annual payment, he argues that the annual payment should be considered as a portion of his child support obligation. Alternatively, he argues that the trial court should have modified the order, to require the mother also to contribute to the education fund.
The record reflects that the agreement of the father and the mother regarding this educational contribution provision was incorporated into the divorce judgment, that this provision was separate and distinct from the ordinary child support obligation, and that the trial court and the parties considered the educational contribution to be in addition to ordinary child support. The father presented nothing to change that provision, and, similarly, has demonstrated no basis for ordering the mother to begin making contributions. The father has simply failed to disclose error in the trial court's discretionary ruling on this matter. See West v. West,600 So.2d 1043 (Ala.Civ.App. 1992).
The father's final argument is that the trial court abused its discretion by immediately serving his employer with a continuing child support withholding order. Ala. Code 1975, § 30-3-61(a), provides that when the trial court issues an order for the payment of *Page 146 
child support, the court must include, as a separate section, a withholding order directing the obligor's employer to withhold the amount of the support obligation from the obligor's income. Additionally, § 30-3-61(c) mandates that the court immediately serve the employer with the withholding order, unless one of the parties shows good cause why the order should not be served, or unless the parties reach an alternative written agreement. The father did not object to the withholding order until almost one month after the court had issued it, and the record reflects that the father's employer had already been served with the withholding order before the father ever contested it. The father later objected to the issuance of the withholding order, on the grounds that he had never been delinquent in payment, and that the service of the withholding order was embarrassing for him.
The trial court was clearly following the statutory mandates in issuing and serving the withholding order. The father had notice of the order and could have attempted to show good cause why the order should not be served; however, he failed to do so until almost one month after the issuance of the order and after the order had already been served. The father has failed to demonstrate on appeal that the trial court abused its discretion in issuing and serving the order, or in refusing to dissolve the order.
The judgment of the trial court is due to be, and it is hereby, affirmed.
Each party's request for an attorney fee on appeal is hereby denied.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.
MONROE, J., dissents.