YATES, Judge.
Following an ore tenus proceeding, the trial court divorced Donald R. Brakefield and his wife Patsy A. Brakefield and divided the parties’ property. The court denied periodic alimony to the wife. The wife appeals, contending that the court erred in refusing to award to her periodic alimony and in refusing to award to her an interest in the husband’s retirement benefits.
Issues concerning property division and alimony are within the sound discretion of the trial court, and its judgment on these issues will not be reversed unless it is unsupported by the evidence and palpably wrong. Brown v. Brown, 586 So.2d 919 (Ala.Civ.App. 1991). In determining awards in a divorce action, the trial court may consider many factors, including the length of the marriage, the earning capacity of the parties, their future prospects, their ages and health, the value and type of the property, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). Issues regarding alimony and property division are interrelated, and in determining whether the trial court abused its discretion regarding either issue, this court must consider the entire judgment. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Additionally, absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court in a divorce action. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
The parties had been married for approximately 30 years. The husband is 52 years old and the wife is 53 years old. They have two adult children. The parties’ 24-year-old daughter is legally blind and suffers from seizures, which are controlled with medication. She has a high-school education and one year of college. She lives with her mother and receives $474 per month in Social Security benefits. The wife has a ninth-grade education and has been unemployed since 1980. She testified that she does not have any major disabilities. The husband is employed by Gateway Homes in its service department. He earns $10.00 per hour and works 40 to 60 hours per week. There was testimony that the husband had worked for a railroad during part of the marriage and that he had a retirement fund from that employment. There is no evidence concerning the amount of retirement benefits in that plan. The husband testified that he and his wife had had no marital relations for a number of years. He was living with his paramour at the time of the hearing.
The court awarded the wife all of the marital assets, valued at $52,406. The husband was awarded only his personal property. The parties were made responsible for their own debts. The wife testified that her debts were substantial. Many of her debts, however, are in a friend’s name. The wife is not legally obligated to assume those debts.
The wife contends that the court erred in refusing to award her an interest in the husband’s retirement benefits. In applying the applicable presumptions to the facts, we cannot say the trial court abused its discretion in refusing to award the wife a part of the husband’s retirement benefits, particularly in view of the fact that the wife received all of the marital property. Paulson v. Paulson, 682 So.2d 1060 (Ala.Civ.App. 1996). Our affirmance of the judgment in this regard is further buttressed by the fact that the wife failed to present any evidence concerning the amount of the retirement benefits. Walker v. Walker, 695 So.2d 58 (Ala.Civ.App. 1997).
The wife next asserts that the court erred in failing to award her periodic alimony. The purpose of periodic alimony is to preserve the economic status of the parties as it existed during the marriage. Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App. 1989). In view of the correlation of the issues of alimony and the division of property, and considering the appropriate factors, we cannot say the court erred in denying the *877 wife an award of periodic alimony at this time.
We conclude, however, that the court abused its discretion in failing to reserve the right to order periodic alimony in the future. It appears that the court failed to adequately consider the length of the marriage, the disparity in the parties’ current and potential incomes, and the fact that the wife has not been employed since 1980. When a trial court does not reserve the right to award periodic alimony in the future, that right is forever lost. Id.
That portion of the judgment regarding periodic alimony and the division of property is affirmed. However, the judgment, to the extent that it failed to reserve the right to award alimony in the future, is reversed, and the case is remanded for the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.