On Application for Rehearing

YATES, Judge.
The opinion of February 4, 2000, is withdrawn, and the following is substituted therefor.
Following ore tenus proceedings, the trial court divorced John Kenneth Wallace and Shelby Kaye Yelverton Wallace. The wife appeals, asking this court to review the trial court’s award of periodic alimony.
The purpose of periodic alimony is to support a dependent spouse and to enable that spouse, to the extent possible, to preserve the economic status of the parties as it existed during the marriage, until the *717 dependent spouse is self-supporting or is able to maintain a status similar to the one enjoyed during the marriage. Myrick v. Myrick, 714 So.2d 311 (Ala.Civ.App.1998).
It is well settled that issues of alimony and property division are within the sound discretion of the trial court and that its judgment regarding those issues will not be reversed on appeal absent an abuse of discretion. G.K.M. v. E.B.M., 728 So.2d 1102 (Ala.Civ.App.1998), unit quashed, 728 So.2d 1105 (Ala.1998). Factors for a court to consider in awarding alimony and dividing marital property include the length of the marriage, the earning capacity of the parties, the source of the common property, the ages and health of the parties, their future prospects and stations in life, the value and type of property, and the conduct of the parties regarding the cause of the divorce, where appropriate. Brakefield v. Brakefield, 729 So.2d 875 (Ala.Civ.App.1999). Issues regarding alimony and property division are interrelated, and in determining whether the trial court abused its discretion in regard to those issues, this court must consider the entire judgment. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987).
The parties were married on June 18, 1977. The husband was about to begin his third year of medical school at the University of Mississippi. The wife had graduated from college with a degree in physical therapy; she began working and used her income to supplement the husband’s scholarship money and to pay the couple’s monthly bills.
After the husband graduated from medical school, the parties moved to Birmingham, where the husband completed his internship. They then moved to Houston, Texas, where the husband completed a residency in ophthalmology. The parties later moved to Illinois. After having two children, the parties decided in 1985 that the wife should remain at home with the children.
At some point, the parties moved to North Carolina, where they resided for two years. They then moved to Dothan, Alabama, where the husband purchased an interest in the Dothan Eye Clinic. The parties had had several short separations during the marriage. The husband admitted having relationships with other women during those separations. He also admitted hitting the wife on the neck and, on another occasion, giving her a black eye.
In 1994, the husband began having an affair with a female technician in his office. The husband hired members of that woman’s family to work on his farm. He testified that his wife was jealous and insecure.
The wife testified that several times during the marriage she had received telephone calls from people telling her that the husband was having affairs. She sought counseling during the marriage, and she admitted that she had a temper and that she was jealous.[1] The parties also sought counseling together during the marriage, but the counseling was unsuccessful.
The parties acquired substantial assets during the marriage. The children are teenagers and are enrolled in a private school. The wife has maintained her physical-therapy license, but has not worked since 1985. The husband has an annual income of over $500,000.
The trial court awarded the parties joint custody of the children, with the wife hav *718 ing primary physical custody. It awarded the wife the marital home, its contents, and the automobiles used by her and the children. The court ordered the husband to pay $2,500 per month in child support and to maintain health-insurance coverage on the children; it awarded the husband a separate residence that he owned, two automobiles, and 13 acres of land, which included his farm. Additionally, the court ordered the parties to divide all of the retirement and investment accounts, with the exception of certain accounts in the children’s names, with the wife receiving 55% and the husband receiving 45%. The court noted that the division was intended to offset the wife’s interest in the 13 acres of land. Further, the court ordered the parties to sell 200 acres of timberland and to split the proceeds, with the wife receiving 55% and the husband receiving 45%. The approximate value of the wife’s share of the retirement and investment accounts and the proceeds of the sale of the 200 acres of land, assuming that the land sells for its estimated value, would be between $312,000 and $320,000. The trial court also ordered the husband to pay the wife $1,000 per month in periodic alimony. During the proceedings, the trial court stated:
“You know, I want to make sure the children are taken care of. I want to make sure that you are in a home that is paid for. Also, that you have some assets, some of this marital estate and that you receive some monies from [the husband] because you know, I don’t believe that people in your situation where there is a substantial estate, that the wife should just be left out in the cold. I don’t believe that. But, at the same time, I don’t necessarily believe, in this case, that you should continue to live as well as you would with [the husband]. The reason being is now he has got a house and you have got a house and if the two of you had continued to live together, you would have continued to live that well. But, now we are talking about two separate households and the expenses of all of that and dividing up the marital estate as best I can.”
The trial court’s statements and its relatively low award of periodic alimony under the facts of this case indicate that it failed to apply the applicable law with regard to the stated purpose of periodic alimony, which is to preserve, as far as practical, the economic status the parties enjoyed during the marriage. See Pickett v. Pickett, 723 So.2d 71 (Ala.Civ.App.1998) (periodic alimony of $4,500 per month awarded to the wife was insufficient where the parties had been married for 16 years, the neurosurgeon husband was the primary wage earner, and the wife had not worked outside the home for several years).
These parties were married for almost 20 years and enjoyed a very comfortable lifestyle.[2] Evidence in the record indicates that the wife’s needs exceed the amount of alimony awarded. Although the wife is a trained physical therapist, she has not worked for 13 years and if she went back to work she would have to begin working at an entry-level position. The record also contains evidence indicating that the wife had certain health problems, including an injury necessitating surgery on a torn rotator cuff, which could limit her ability to practice as a physical therapist. The husband was the primary wage earner during the marriage. Evidence indicated that the husband had the ability to pay more in periodic alimony, with ample *719 funds to pay for his own personal needs. Although the wife received the marital home, that home will require maintenance. Further, there was evidence that while the divorce was pending, the wife’s needs exceeded the $3,800 to $4,000 per month that the husband was providing and that the wife had to use credit cards to supplement the funds.
Accordingly, we reverse that portion of the judgment relating to the award of periodic alimony, and we remand the case for the court to make an award more in line with what the facts of this case dictate. The judgment is otherwise affirmed.
The wife’s request for an attorney fee on appeal is granted in the amount of $1,500.
OPINION OF FEBRUARY 4, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED AND RULE 39(k) MOTION DENIED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MONROE, J., concurs.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.
CRAWLEY, J., concurs in part and dissents in part.

. On rehearing, the husband contends that the wife was at fault in the divorce and that the trial court should have considered this factor in awarding periodic alimony. The trial court did consider the conduct of the parties during the marriage. However, we note that the husband's admittedly adulterous conduct contributed to the breakdown of the marriage.

. On rehearing, the husband argues that the trial court's determination that supporting the dependent spouse at the level at which he or she was supported during the marriage may not be possible under the circumstances should be given much discretion. The trial court has discretion in determining a periodic alimony award. Moreover, the husband can hardly contend that he is without the means to provide his wife with an amount of periodic alimony befitting the facts in this case.