John Kenneth Wallace and Shelby Kaye Yelverton Wallace were divorced by the Houston Circuit Court after a 20-year marriage. The wife appealed, seeking a review of the trial court's award of periodic alimony. The Court of Civil Appeals reversed that portion of the judgment relating to the award of periodic alimony and remanded the case solely "for the court to make an award more in line with what the facts of this case dictate."Wallace v. Wallace, 795 So.2d 715, 719 (Ala.Civ.App. 2000). We granted the husband's petition for certiorari review to consider whether the Court of Civil Appeals erred in reversing the award of periodic alimony.
The Court of Civil Appeals' opinion adequately recites the evidence presented to the trial court. We need not recite that evidence here. The Court of Civil Appeals also explained the financial settlement ordered by the trial court:
 "The trial court awarded the parties joint custody of the [two] children, with the wife having primary physical custody. It awarded the wife the marital home, its contents, and the automobiles used by her and the children. The court ordered the husband to pay $2,500 per month in child support and to maintain health-insurance coverage on the children; it awarded the husband a separate residence that he owned, two automobiles, and 13 acres of land, which included his farm. Additionally, the court ordered the parties to divide all of the retirement and investment accounts, with the exception of certain accounts in the children's names, with the wife receiving 55% and the husband receiving 45%. The court noted that the division was intended to offset the wife's interest in the 13 acres of land. Further, the court ordered the parties to sell 200 acres of timberland and to split the proceeds, with the wife receiving 55% and the husband receiving 45%. The approximate value of the wife's share of the retirement and investment accounts and the proceeds of the sale of the 200 acres of land, assuming that the land sells for its estimated value, would be between $312,000 and $320,000. The trial court also ordered the husband to pay the wife $1,000 per month in periodic alimony." *Page 721 
795 So.2d at 717-18. The Court of Civil Appeals did not hold that the trial court had abused its discretion, but remanded on the ground that the court had failed to apply the applicable law with regard to the stated purpose of alimony.
It is settled law in domestic-relations cases that the judgment of a trial court based on evidence presented ore tenus is presumed correct and that its findings "will not be disturbed on appeal unless they are palpably wrong, manifestly unjust, or without supporting evidence." McCoyv. McCoy, 549 So.2d 53, 57 (Ala. 1989). See, also, McCrary v. Butler,540 So.2d 736 (Ala. 1989); Jones v. Jones, 470 So.2d 1207 (Ala. 1985);Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala. 1989). The reviewing court must determine whether the trial court correctly applied the law to the facts and whether the judgment was an abuse of discretion and plainly and palpably wrong. Franz v. Franz, 723 So.2d 61
(Ala.Civ.App. 1997).
After reviewing the record, we conclude that the trial court did not act arbitrarily or otherwise abuse its discretion in fashioning the overall property settlement. The evidence supports the trial court's judgment. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the cause.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.