CRAWLEY, Judge,
dissenting.
I respectfully dissent. The majority’s decision that the trial coupt abused its discretion by failing to award the wife a portion of the equity in the marital home constitutes, in my opinion, a substitution of this court’s judgment for that of the trial court. See Ex parte Bland, 796 So.2d 340 (Ala.2000), and Ex parte Wallace, 795 So.2d 719 (Ala.2000). “Trial judges enjoy broad discretion in divorce cases, and their decisions are to be overturned on appeal only when they are ‘unsupported by the evidence or [are] otherwise palpably wrong.’ ” Ex parte Bland, 796 So.2d at 344 (quoting Ex parte Jackson, 567 So.2d 867, 868 (Ala.1990)).
Although the wife’s property awarj was not equal to the husband’s, I cannot con- *1167 elude that the property division was inequitable or that the judgment was palpably wrong in view of the following circumstances: At the time of the parties’ marriage, the husband paid off the wife’s debts, thus enabling her to reacquire 10 acres of real property she had previously owned on Wilcox Road; that property is worth between $30,000 and $50,000. The wife was awarded the balance of the funds ($20,000) that she withdrew from the parties’ equity line of credit; with those funds, the wife could afford to make a down payment on a home. The husband was ordered to pay the wife $2,500 for moving and temporary housing expenses, $1,000 per month for five years as rehabilitative alimony, and to provide the wife hospitalization insurance coverage. Throughout the marriage, the husband paid the wife a “salary” from his business for work that she did not do. Finally, there was evidence from which the trial court could have found that the wife’s conduct contributed as much to the breakup of the marriage as the husband’s adultery did. I would affirm the judgment of the trial court.