[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 987 
Sondra Omes Hurley ("the wife") appeals the trial court's judgment divorcing her from Bradley Glen Hurley ("the husband"), in which the trial court, among other things, awarded the wife child support, divided the parties' property, and awarded the wife alimony; the wife also appeals the trial court's subsequent judgment finding her in contempt for violating certain provisions of the divorce judgment. We reverse the judgment of divorce but affirm the judgment of contempt.
The husband and the wife each filed a complaint seeking a divorce; after an ore tenus hearing, the trial court entered a judgment of divorce on June 13, 2006. The trial court awarded the wife custody of the parties' three minor children and granted the husband "standard" visitation rights. The trial court ordered the husband to pay $1,589 per month in child support; to maintain heath insurance for the children, which costs the husband $420 per month; and to pay one-half of all noncovered medical, dental, or other health-related expenses for the children.
The court divided the marital property by awarding the husband all the parties' interest in three pizza franchises, the former marital residence in Georgia ("the Georgia home"), one vehicle, and certain household items. The court awarded the wife the marital home in Alabama ("the marital residence"), two vehicles, a bank account that contained approximately $18,000, and the majority of the parties' household items. Each party was ordered to assume the debt on the respective residence and vehicles awarded to them. In addition, the trial court ordered the husband to pay the indebtedness owed on all the parties' credit cards. Finally, the trial court ordered the husband to pay the wife $1,000 per month in alimony. The wife timely appealed the divorce judgment.
After the wife had filed her appeal, the husband filed a timely postjudgment motion to alter, amend, or vacate the divorce judgment[1] and a motion to hold the wife in contempt for her alleged refusal to pay the indebtedness on the marital residence and on the vehicles awarded to her in the divorce judgment. The husband subsequently amended his contempt motion to allege that the wife had refused to allow him the visitation ordered by the court. After a hearing on the husband's motion, the court found the wife in contempt on both grounds. The wife timely appealed that judgment. The appeals have been consolidated. *Page 988 
On appeal, the wife argues that the trial court exceeded its discretion in calculating the child support due, in dividing the parties' property, and by awarding insufficient alimony. She also argues that the trial court exceeded its discretion in finding her in contempt.
 Child Support
As to the child-support issue, the wife first argues that the trial court impermissibly figured the amount of child support based on the husband's speculation that he would have to decrease his income to $6,800 per month for his business to "break even." She also argues that the trial court exceeded its discretion in failing to include in the husband's gross income the husband's rental income from the Georgia home.
We reject the wife's first argument. The income that the husband receives from his operation of the pizza franchises is properly considered self-employment income. See Rule 32(B)(3)(a), Ala. R. Jud. Admin. When a party's income is from self-employment, "the relevant income is [the business's] net income, not the [party's] draw or salary." Brown v.Brown, 960 So.2d 712, 716 (Ala.Civ.App. 2006). In this case, the husband testified that he had increased his salary from $100,000 to $118,000 per year, yielding income of $9,833.33 per month; however, the business operated at a monthly loss of $3,100 per month. Hence, the trial court acted well within its discretion in determining that the husband received income of $6,800 per month from the pizza franchises.
The wife correctly asserts that the trial court erred in failing to include the husband's rental income from the Georgia home in its child-support calculation. The husband testified that he rents the Georgia home for $1,300 per month. Rule 32(B)(3)(a) specifically identifies rental income as self-employment income that must be included in calculating child support.[2] See also Derie v. Derie,689 So.2d 142, 144 (Ala.Civ.App. 1996) (noting that rental income is to be included in calculating gross income for child-support purposes). We therefore reverse the judgment as to the child-support award and instruct the trial court to recalculate the husband's child-support obligation by including the husband's rental income from the Georgia home.
 Division of Property and Award of Alimony
"Issues regarding alimony and property division are interrelated, and in determining whether the trial court abused its discretion regarding either issue, this court must consider the entire judgment." Brakefield v. Brakefield,729 So.2d 875, 876 (Ala.Civ.App. 1999).
In the property division, the husband received the Georgia home. He testified that this home is worth approximately $184,000. However, the home is subject to two mortgages with a combined balance of $220,514.96; the trial court ordered the husband to pay the mortgages on the Georgia home. As shown above, the husband is currently receiving $1,300 in gross rental receipts from the home. He testified that he makes mortgage payments of $1,165 per month out of the rental income. The husband also received all the interest *Page 989 
in the pizza franchises that the parties had purchased for $1.5 million in July 2005. The parties had made a down payment of $75,000 toward the purchase of those franchises by taking out second mortgages on the marital residence and the Georgia home; they borrowed the rest of the purchase money. There was no evidence presented as to the value of the franchises at the time of the trial. The trial court also awarded the husband one vehicle and ordered the husband to pay the indebtedness owed on that vehicle in the approximate amount of $23,300.15; there was no evidence presented as to the value of the vehicle. The trial court also awarded the husband various household items, which were valued by the husband at approximately $14,600. The trial court ordered the husband to pay the parties' entire credit card debt, which totaled $18,619.01. The husband testified that he had used two of the parties' credit cards, which had combined balances of $6,950.22, primarily for business purposes, but that he also had used them to purchase personal items, e.g., furnishings for his new apartment.
The trial court awarded the wife the marital residence. The evidence at trial showed that the marital residence had been purchased a year before the divorce for $317,000. However, the marital residence was subject to two mortgages, a purchase-money mortgage with a balance of $313,073.18 and a second mortgage used to finance the down payment for the pizza franchises with a balance of $39,502.57. The two mortgages total $352,575.75. There was no evidence presented of the value of the marital residence at the time of the trial. The wife also received a bank account with a balance of $18,000, two vehicles, [3] and the majority of the parties' household items, which the husband valued at approximately $79,770. The trial court ordered the wife to pay the monthly mortgage payments on the marital residence, which amount to $2,057.58 and $592.53 per month, respectively. The trial court also ordered the wife to pay the debt on the vehicles she was awarded; that debt totals $686.47 per month.
According to the husband's calculations, the wife's monthly mortgage payments, vehicle payments, automobile insurance, [4]
and household expenses amount to $4,133.95. The wife also incurs monthly expenses of $94.43 for cellular telephones for herself and two of the children; monthly expenses for tutoring, sewing and guitar lessons, and therapy for the children totaling $560; monthly expenses for the children's school lunches in the amount of $94; and entertainment expenses of $54.90 per month. The husband testified that, since the couple's separation, the husband had been paving these expenses and giving the wife $750 every two weeks for food and gasoline. Therefore, based on the husband's calculations, the wife's total monthly expenses amount to $6,562.28.[5]
The husband calculated his monthly expenses, not including child support and *Page 990 
alimony, to be $1,771.82.[6] However, this figure does not include the husband's monthly expenses for food and gasoline. He also calculated that, since the couple's separation, he had been spending $9,283.72 per month on himself and the wife and children and that he had taken additional distributions from the pizza franchises to cover the extra expenses.
Based on the many omissions in the evidence regarding (1) the value of the pizza franchises, the value of the marital residence, the value of the husband's vehicle, and the value of one of the vehicles awarded to the wife, see note 3,supra; (2) the husband's expenses for food and gasoline; (3) to whom the "Credit Report Manager" and "MSN Internet" expenses are to be attributed, see note 5,supra; and (4) how the automobile-insurance expenses are to be attributed, see note 4, supra, we are unable to review the trial court's division of property and the award of alimony. Therefore, we reverse the trial court's judgment as to these issues and remand this cause to the trial court for further proceedings consistent with this opinion.
 Contempt
The wife's final assignment of error is that the trial court exceeded its discretion in finding her in contempt for failing to pay her mortgage and vehicle payments and for failing to allow the husband to exercise his visitation with the children.[7] "[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm."Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App. 1994).
With regard to her failure to pay her mortgage and vehicle payments, the wife argues that she was unable to pay these amounts. "[T]he inability to comply with the trial court's judgment is a valid defense in contempt proceedings." Stammv. Stamm, 922 So.2d 920, 924 (Ala.Civ.App. 2004). In this case, however, the wife was awarded approximately $18,000 that she could have used to pay her obligations under the divorce judgment. Instead, the husband testified that, in July 2006, the wife informed the husband that she would not pay the mortgage and vehicle payments and that, if these payments were not made, it would ruin his credit and affect the lien on his franchises. Therefore, the husband made these payments in order to keep his credit intact. Based on this evidence, the trial court acted within its discretion in finding the wife in contempt. See Stack, supra.
As to the visitation issue, the wife argues that she did not interfere with the husband's visitation but that the problems with visitation occurred as a result of problems between the husband and the children. However, the husband testified that, before he was scheduled to exercise his visitation, the wife told him that if he wanted the children he would have to drag *Page 991 
them out of the car and that, if he did, someone would call the police. The wife admitted that she made that statement. Accordingly, there was undisputed evidence indicating that the wife deliberately interfered with the court-ordered visitation, and the court acted within its discretion in finding the wife in contempt. See, e.g., Calabrisi v. Boone,470 So.2d 1255, 1257 (Ala.Civ.App. 1985) (affirming finding of contempt when "there [wa]s evidence that the mother deliberately interfered with the court ordered visitation rights of the father").
Based on the foregoing, we reverse the trial court's divorce judgment insofar as it divided the parties' property and awarded alimony and child support, and we remand this cause to the trial court for further proceedings consistent with this opinion. We affirm the trial court's judgment of contempt.
JUDGMENT OF DIVORCE — REVERSED AND REMANDED WITH INSTRUCTIONS.
JUDGMENT OF CONTEMPT — AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 On Application for Rehearing
MOORE, Judge.
In his application for rehearing regarding this court's June 15, 2007, opinion, Bradley Glen Hurley ("the husband") argues that this court should allow the trial court to take additional evidence regarding the omissions in the evidence that this court found to be present in this case. The husband citesCourtright v. Court-right, 820 So.2d 823
(Ala.Civ.App. 2001), in which this court concluded that the trial court had gone beyond the scope of the instructions inCourtright v. Courtright, 757 So.2d 453
(Ala.Civ.App. 2000) "(Court-right F), by taking additional evidence on remand. However, in CourtrightI, this court stated, "We reverse those portions of the divorce judgment relating to the property division and the award of alimony, and we remand this action for the trial court to fashion an equitable distribution of the marital assets and to reconsider the question of alimony." 757 So.2d at 457. The opinion in Courtright I did not provide for "further proceedings" as did this court's June 15, 2007, opinion in the present case. Because this court's remand for "further proceedings" allows the trial court to take additional evidence relating to the value of the marital property, we overrule the application for rehearing.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] The trial court entered its judgment of divorce on June 13, 2006; the wife filed her notice of appeal 15 days later on June 28, 2006. On July 13, 2006, the 30th day after the entry of the divorce judgment, the husband filed his postjudgment motion. See Rule 59(e), Ala. R. Civ. P. Therefore, the wife's appeal was held in abeyance pending disposition of the husband's postjudgment motion. See Rule 4(a)(5), Ala. R.App. P. The record reflects that the trial court held a hearing on the husband's postjudgment motion on October 10, 2006, and entered an order purporting to deny the husband's postjudgment motion on October 26, 2006. However, it does not appear that the parties consented on the record to allow the husband's postjudgment motion to remain pending for more than the prescribed 90 days; therefore, the husband's postjudgment motion was deemed denied by operation of law on October 11, 2006. See Rule 59.1, Ala. R. Civ. P.
[2] Rule 32(B)(3)(a), Ala. R. Jud. Admin., states that, for income from rent, "gross income" means "gross receipts minus ordinary and necessary expenses required to produce such income, as allowed by the Internal Revenue Service. . . ." Hence, the trial court should deduct the amount of the husband's monthly "ordinary and necessary expenses" related to the rental of the Georgia home from his monthly gross rental receipts to determine the monthly amount of rental income that should be used in calculating child support.
[3] The husband presented evidence indicating that the value of one of the vehicles awarded to the wife was $7,500; there was no evidence presented as to the value of the other vehicle.
[4] Because the automobile-insurance calculation included the two vehicles awarded to the wife and the vehicle awarded to the husband, we have simply attributed one-third of the expenses to the husband and two-thirds of the expenses to the wife for purposes of making the most accurate calculation of those expenses.
[5] The husband presented evidence of a $12 monthly expense for a "Credit Report Manager" and a $21.95 monthly expense for "MSN Internet." Because it is not clear to whom those expenses should be attributed, we do not include those expenses in either of the parties' monthly budgets.
[6] The husband did not include the mortgage payments on the Georgia home as expenses. We do not address the question whether the mortgage payments are considered "ordinary and necessary expenses" within the meaning of Rule 32(B)(3)(b); we leave that question to the trial court to resolve on remand.
[7] We note that the trial court possessed the authority to enter its October 26, 2006, contempt order even though the wife's appeal of the divorce judgment was pending before this court. See note 1, supra. The filing of a notice of appeal does not divest the trial court of jurisdiction over matters entirely collateral to the appeal, such as contempt proceedings. See Horton v. Horton,822 So.2d 431, 434 n. 1 (Ala.Civ.App. 2001), citing Hall v.Hall, 485 So.2d 747, 749-50 (Ala.Civ.App. 1986).