# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-427

THIBCO INVESTMENTS, LLC

VERSUS

ROBERT THIBODEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2010-10607
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Julius W. Grubbs, Jr.
Haik, Minvielle & Grubbs, LLP
Post Office Box 11040
New Iberia, LA   70562-1040
(337) 365-5486
COUNSEL FOR DEFENDANT/APPELLEE:
    Robert Thibodeaux

Edward J. Milligan, Jr.
J. Brent Barry, LLC
Post Office Box 82294
Lafayette, LA   70508
(337) 237-6491
COUNSEL FOR PLAINTIFF/APPELLANT:
    Thibco Investments, LLC

**AMY, Judge.**

The plaintiff's estate is subject to a servitude of passage. The plaintiff filed suit, seeking to enforce a provision of the servitude requiring the defendant to pay to relocate the servitude and the roadway. The defendant filed exceptions of no right of action and non-joinder of an indispensable party. The trial court granted the exception of no right of action. This appeal follows. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, Edith David Daigle and Lowray J. Chachere owned adjacent parcels of property in St. Landry Parish. At the hearing on the exception, now at issue, the parties to this litigation agreed that Lot No. 1, which was owned by Mr. Chachere, was enclosed. Ms. Daigle, who owned Lot No. 3, granted Mr. Chachere a right of passage across her property. The document creating the right of passage, which was executed in 1982, states, in relevant part:

> It is understood that this right of passage is to be exercised over the existing private road, a portion of which is shown on the plat of survey referred to above and shall at no time exceed thirty (30) foot [sic] in width. It is understood that grantee, his successors and assigns shall at all times maintain and make necessary repairs, at his or their own expense, should the roadway require same for its proper upkeep and maintenance.

> Grantor reserves the right to require grantee, his successors and assigns, to relocate the private road and right of passage one time, at grantee's expense. The location of the relocated road and right of passage shall not be more onerous or inconvenient to grantee.

> The right of passage shall run with the land and not be a personal servitude.

The record indicates that Ms. Daigle's property, Lot No. 3, was subsequently divided. Ms. Daigle's successors-in-title are the plaintiff, Thibco Investments, LLC, and Paul H. Comeaux, Sr. Thibco owns the portion of Lot No. 3 containing the private road and right of passage. The defendant, Robert Thibodeaux, is the successor-in-title to Mr. Chachere and owns the entirety of Lot No. 1.

2

Thibco filed this suit seeking to enforce the provision of the right of passage requiring Mr. Thibodeaux to relocate the private road and right of passage at Mr. Thibodeaux's expense. Mr. Thibodeaux filed exceptions of no right of action and non-joinder of an indispensable party, asserting that the relocation clause was personal and did not run with the land and that Thibco had failed to join Mr. Comeaux and SLEMCO, who both hold rights of passage across the existing road. After a hearing, the trial court issued written reasons for judgment finding that the relocation clause was unenforceable as it impermissibly altered the Louisiana Civil Code articles addressing rights of passage. The trial court entered judgment sustaining the exception of no right of action.[1]

The plaintiff appeals asserting as error that, "[t]he trial court's granting of the defendant's peremptory exception of no right of action, dismissing the plaintiff's claims, is manifestly erroneous."

**Discussion**

*No Right of Action*

Mr. Thibodeaux filed the exception of no right of action on the basis that the provision requiring Mr. Thibodeaux to pay to relocate the private road was a right personal to Ms. Daigle and not a predial servitude. Thibco contended that, read in its entirety, the document creating the right of passage contemplated that the relocation clause was a heritable and not personal right. However, the trial court did not reach the issue of whether the relocation clause was intended to be personal or heritable, finding that the provision was invalid as it impermissibly altered the general codal rules concerning predial servitudes.

---

[1] We note that at the hearing on the exceptions, the trial court orally granted the exception of non-joinder of an indispensable party. However, in his written reasons for judgment, the trial court did not reach that issue. Further, the trial court made no mention of the exception of non-joinder in the judgment. As the plaintiff does not assign error to the trial court's ruling on that issue, we do not address it herein. *See* Uniform Rules—Courts of Appeal, Rule 1-3.

3

The supreme court addressed the function and appellate review of exceptions of no right of action in *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, pp. 6-7 (La. 10/25/11), 79 So.3d 246, 255-56 (footnotes omitted), stating:

> By filing a peremptory exception of no right of action, a defendant challenges whether a plaintiff has such a real and actual interest in the action. La. C.C.P. art. 927(A)(6). At the hearing on the exception of no right of action, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.

> "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*; *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, p. 6-7 (La. 3/17/06), 929 So.2d 1211, 1217; *Turner v. Busby*, 2003-3444, p. 4 (La. 9/9/04), 883 So.2d 412, 415-416; *Reese v. State, Dept. of Public Safety and Corrections*, 2003-1615, p. 3 (La. 2/20/04), 866 So.2d 244, 246.

> The determination whether a plaintiff has a right to bring an action raises a question of law. A question of law requires *de novo* review. *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 2006-0582, p. 9 (La. 11/29/06), 943 So.2d 1037, 1045.

Pursuant to La.Civ.Code art. 646, "[a] predial servitude is a charge on a servient estate for the benefit of a dominant estate." Further, "[t]here must be a benefit to the dominant estate." La.Civ.Code art. 647. "The predial servitude continues as a charge on the servient estate when ownership changes." La.Civ.Code art. 650(B). As explained in the Louisiana Civil Law Treatise, a servitude may not be "imposed on an estate in its own favor; nor may a predial servitude be imposed on a person in favor of an estate; and, if a servitude is imposed on an estate in favor of a person rather than another estate, it is a personal servitude." A.N. Yiannopoulos, Predial Servitudes § 9

at 31, in 4 Louisiana Civil Law Treatise (3rd ed. 2004)(footnotes omitted). An example of a predial servitude is a right of passage. *Dupont v. Hebert*, 06-2334 (La.App. 1 Cir. 2/20/08), 984 So.2d 800, *writ denied*, 08-640 (La. 5/9/08), 980 So.2d 985.

"Predial servitudes may be established by an owner on his estate or acquired for its benefit. The use and extent of such servitudes are regulated by the title by which they are created, and, in the absence of such regulation, by the following rules." La.Civ.Code art. 697. However, Comment (b) to Article 697 notes that:

> Owners have the right to establish on their estate, or to acquire for the benefit of their estate, such predial servitudes as they deem proper. This freedom, however, is tempered by the rules of public policy enacted in the general interest. C.C. art. 11. Apart from general limitations, the creation of predial servitudes by juridical act is subject to special rules that are largely insusceptible of modification by agreement. These rules, limiting contractual and testamentary freedom, are designed to effect a balance between individual demands for the recognition of modification of property rights to suit individual needs and social demands for the preservation of a relatively simple system of unencumbered property. See Yiannopoulos, Real Rights: Limits of Contractual and Testamentary Freedom, 30 La.L.Rev. 44 (1969).

Because they form restraints on the free disposal and use of property, predial servitudes are in derogation of public policy and are not entitled to be viewed with favor by the law and can never be sustained by implication. *St. Andrews Place, Inc. v. City of Shreveport*, 40,260 (La.App. 2 Cir. 11/4/05), 914 So.2d 1203 (citing *Palomeque v. Prudhomme*, 95-0725 (La. 11/27/95), 664 So.2d 88). Thus, "[d]oubt as to the existence, extent or manner of exercise of a servitude must be resolved in favor of the estate claimed to be burdened by the servitude." *Id.* at 1210. In creating a servitude, the parties may limit the extent and mode of using a servitude of passage. *Sanders v. Plaquemines Cable TV, Inc.*, 407 So.2d 524 (La.App. 4 Cir. 1981).

At the hearing on the exceptions, both Thibco and Mr. Thibodeaux conceded that Mr. Thibodeaux's property was originally an enclosed estate. Pursuant to

5

La.Civ.Code art. 689, the owner of an enclosed estate may claim a right of passage over neighboring property to the nearest public road. However, "[t]he owner of the enclosed estate has no right to the relocation of this servitude after it is fixed. The owner of the servient estate has the right to demand relocation of the servitude to a more convenient place at his own expense, provided that it affords the same facility to the owner of the enclosed estate." La.Civ.Code art. 695. The 1977 Revision Comment to Article 695 notes that this provision "changes the law as it makes relocation of the passage more burdensome for the owner of the servient estate."

Further, Louisiana Civil Code Article 748 contemplates that "[t]he owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude." Article 748 also reiterates that the expenses for relocation of the servitude are borne by the owner of the servient estate.

The provision of the document creating the right of passage at issue states:

> Grantor reserves the right to require grantee, his successors and assigns, to relocate the private road and right of passage one time, at grantee's expense. The location of the relocated road and right of passage shall not be more onerous or inconvenient to grantee.

As stated in Comment (b) to Article 697, "[a]part from general limitations, the creation of predial servitudes by juridical act is subject to special rules that are largely insusceptible of modification by agreement." As observed by the trial court, the clause limits to "one time" the servient estate's right to the relocation of the right of passage and the private road. However, "[t]he right of the owner of the servient estate to demand relocation of the servitude is imprescriptible." Yiannopoulos, Predial Servitudes § 159 at 440. Additionally, as observed by Professor Yiannopoulos, "[p]redial servitudes are perpetual in the sense that, if properly used, they do not terminate upon the lapse of any period of time." *Id.*, § 10 at 35. Thus, the relocation clause attempts to limit the servient estate owner's right to relocate the right of

6

passage and the roadway. We also note that the cost allocation provisions contained in Articles 695 and 748, evince a clear preference that relocation of a servitude of passage be "more burdensome for the owner of the servient estate."

Accordingly, we find that the clause restricting relocation of the right of passage and the private road and shifting the allocation of costs to the owner of the dominant estate is unenforceable as a predial servitude.[2] Accordingly, Thibco does not have an interest in enforcing the provision, and we find no error in the trial court's grant of the exception of no right of action.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment sustaining exception of no right of action filed by the defendant, Robert Thibodeaux. Costs of this appeal are allocated to the plaintiff, Thibco Investments, LLC.

**AFFIRMED.**

---

[2] Although not directly analogous to the facts of this case, in *LeBlanc v. Thibodeaux*, 615 So.2d 296 (La.1993) (citing *Rockholt v. Keaty*, 237 So.2d 663 (La.1970), the supreme court noted that there is a strong public policy discouraging landlocking.